# FOR PUBLICATION

FILED & ENTERED

APR 06 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Reynaldo F. Marques<br><br><br><br><br><br>Debtor(s). | Case No.: 8:12-bk-22571-MW<br><br>CHAPTER 7<br><br>**MEMORANDUM DECISION**<br><br>Date:        March 28, 2016<br>Time:        9:00 a.m.<br>Courtroom:   6C |

John M. Sorich and David M. Liu, Parker Ibrahim & Berg, LLC, for JPMorgan Chase Bank, N.A.

Reynaldo F. Marques, Pro Se

**WALLACE, J.**

    Creditor JPMorgan Chase Bank, N.A. as acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC, as receiver of Washington Mutual Bank ("Movant") moves for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1), (2) and (4) (the "Motion") with respect to real property located at 33962 Malaga Drive, Dana Point, California (the "Property") .  The Court has jurisdiction over this proceeding

pursuant to 28 U.S.C. § 1334 and General Order 13-05, filed July 1, 2013, of the United States District Court for the Central District of California.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).  This Memorandum Decision constitutes the Court's findings of fact and conclusions of law in this matter as required by Federal Rule of Bankruptcy Procedure 7052 (incorporating Federal Rule of Civil Procedure 52 with certain modifications).

The Court held an evidentiary hearing in this matter on March 28, 2016 at which Movant's representative and debtor Reynaldo F. Marques ("Debtor") testified.

**FINDINGS OF FACT**

On or about August 14, 2006 Debtor and Debtor's spouse executed an Adjustable Rate Note in the original principal amount of $727,000 in favor of Washington Mutual Bank, FA (the "Note").  The Note is secured by a Deed of Trust, executed by Debtor and Debtor's spouse on or about August 15, 2006 (the "Deed of Trust").  The Deed of Trust was recorded in the Official Records of Orange County on August 22, 2006.  The Note was endorsed in blank without recourse, converting it into a bearer instrument, by Cynthia Riley, Vice President of Washington Mutual Bank, FA.  At a previous hearing in this case, the Court had an opportunity to view and inspect the inked original of the Note, supplied to the Court by Movant, who is in possession of the Note.  Debtor also had an opportunity to inspect the inked original of the Note at such hearing and did not dispute that the signatures on the Note are his signature and his spouse's signature.

Movant acquired the Note from the FDIC as receiver for Washington Mutual Bank, FA in September 2008.  Debtor and Debtor's spouse stopped making payments on the Note in November 2008.  A Notice of Default and Election to Sell Under Deed of Trust was issued and recorded in March 2009.

There then ensued multiple bankruptcy filings affecting the Property as well as the filing by Debtor of false and fraudulent documents in which Debtor purported to act as attorney-in-fact for Movant.

Specifically, Debtor's spouse Anne Marques filed a chapter 7 petition on January 20, 2012, commencing case number 8:12-bk-10781-ES. This case was dismissed on April 13, 2012 as a result of her failure to appear at the section 341(a) meeting . Anne Marques filed a second chapter 7 petition on May 2, 2012, commencing case number 8:12-bk-15531-ES. This case was closed on January 30, 2013 following her receipt of a discharge on September 13, 2012. Debtor filed a chapter 7 petition on October 30, 2012, commencing the present case (case number 8:12-bk-22571). The present case was closed on August 27, 2013 after Debtor had received a discharge. Debtor filed a chapter 13 petition on November 15, 2013, commencing case number 8:13-bk-19348-MW. This case was dismissed on November 25, 2013 on Debtor's motion for voluntary dismissal. The present case was reopened on December 4, 2013. Finally, while the present case was pending, Debtor filed yet another chapter 13 petition on April 24, 2015, commencing case number 8:15-bk-12122-MW. This case was dismissed on June 18, 2015 on Debtor's request for dismissal.

On November 8, 2011, Debtor, purporting to act as attorney-in-fact for Movant, executed a Substitution of Trustee (the "Substitution"), substituting Equitable Trustee Services Management Trust as trustee ("Equitable") under the Deed of Trust. The evidence shows that Movant never appointed Debtor as its attorney-in-fact for this purpose or for any purpose. The Substitution was recorded in the Official Records of Orange County on November 23, 2011. On February 23, 2012, a certain Todd Wetzelberger, purporting to be a trustee of Equitable, executed a Deed of Full Reconveyance (the "Reconveyance") whereby Equitable purported to reconvey to Debtor and Debtor's spouse all right, title, and interest held by Equitable under the Deed of Trust. This document falsely recited that all sums secured by the Deed of Trust had been fully paid. The Reconveyance was recorded in the Official Records of Orange County on March 6, 2012.

On September 28, 2015, Movant recorded in the Official Records of Orange County a Rescission of Unauthorized Substitution of Trustee and Deed of Full

1  Reconveyance (Notice of Unauthorized Instruments) (the "Rescission").  The
2  Rescission recites that Movant never appointed Debtor as its attorney-in-fact or
3  authorized him to sign any documents or employed him.  The Rescission rescinds the
4  Substitution and the Reconveyance and indicates that the Deed of Trust remains a prior
5  lien encumbering the Property.

6  The Declaration of Theodore Kelly, Vice President of Movant, in support of the
7  Motion shows (and the Court hereby finds) that Movant's claim arising under the Note is
8  $1,146,499.85 and that the fair market value of the Property is $892,500, as established
9  by a Residential Broker Price Opinion.  As of the time of the filing of the Motion in
10 December 2015, 86 monthly payments under the Note have come due and have not
11 been paid.  The monthly payment due for November 2015 was $4,472.44.

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 362(g)(1), Movant has the burden of proof with respect to the issue of the Debtor's equity in the Property.  Under 11 U.S.C. § 362(g)(2), Debtor has the burden of proof on all other issues relating to this Motion.

Movant has established not only by a preponderance of the evidence but also by clear and convincing evidence (which is not required under section 362 but is shown here) that Debtor lacks any equity in the Property by a wide margin.  Movant's claim exceeds the Property's fair market value by over $250,000.  The Property is not necessary for a reorganization because this is a chapter 7 case where no reorganization is implicated.  Accordingly, Movant is entitled to relief from stay under section 362(d)(2).

Movant has made out a prima facie case that Movant lacks adequate protection of its interest in the Property within the meaning of 11 U.S.C. §§ 361-362 based upon the monthly payments continuing to accrue and the gap between the Property's fair market value and the amount of Movant's claim.  In view of this showing, the Debtor has the burden of proof on the issue of the Movant's adequate protection.  *Ellis v. Par (In re Ellis),* 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985).  Debtor has failed to meet this burden.

The record in the case shows that Movant is seriously "underwater" with respect to the Property and has a negative equity cushion of over $250,000. This is largely attributable to the fact that Debtor and Debtor's spouse have not made a payment on the Note in over seven years. Additionally, the Debtor's persistent failure to make payments over the last seven years constitutes cause for relief from stay. *Aguilar v. Ocwen Loan Servicing, LLC (In re Aguilar)*, BAP No. CC-14-1071-PaTaKu, 2014 Bankr. Lexis 4982, at *8 - 13 (B.A.P. 9th Cir. Dec. 10, 2014) (unpublished and cited for its persuasive value). Accordingly, based upon this serious and substantial lack of adequate protection, Movant is entitled to relief from stay under section 362(d)(1).

The Motion alleges that this bankruptcy case was filed in bad faith and cites as evidence the serial bankruptcy filings by Debtor and Debtor's spouse as well as the improper execution of the Substitution and Reconveyance, as described above. The Motion prays for relief from stay pursuant to 11 U.S.C. § 362(d)(4).

Movant has established that it is "a creditor whose claim is secured by an interest in . . . real property" within the meaning of 11 U.S.C. § 362(d)(4). The real property in question, of course, is the Property, Movant's claim is the claim evidenced by the Note, and the Note is secured by the Deed of Trust. The Court disregards the Substitution and Reconveyance because these are false, fraudulent and unauthorized documents. Each document was and is void *ab initio*.

The inquiry then shifts to whether the filing of the petition was part of a scheme to hinder, delay or defraud creditors that involved multiple bankruptcy filings affecting the Property. In this regard, Movant has an initial burden of going forward (sometimes referred to as establishing a prima facie case). *Lira v. Bayview Loan Servicing, LLC (In re Lira)*, BAP No. CC-13-1086-DPaKi, 2014 Bankr. Lexis 1815, at *13 – 16 (B.A.P. 9th Cir. April 23, 2014) (unpublished and cited for its persuasive value). *See also In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012); *In re Poissant*, 405 B.R. 267, 271 (Bankr. N.D. Ohio 2009). If this burden is met by a movant for relief from the stay, the burden of proof (or persuasion) by a preponderance of the evidence then shifts to the party

opposing relief from stay (here, Debtor).  11 U.S.C. § 362(g)(2).

A total of five bankruptcy cases (including the present case) have been filed by Debtor and Debtor's spouse during the past four years.  Automatic stays arose in these cases that delayed and hindered Movant's efforts to foreclose on the security interest in the Property granted under the Deed of Trust.  These machinations have enabled Debtor to retain the right to the Property's possession and to obstruct Movant over a period of more than seven years without having made any payments on the Note.  *Pro se* debtors sometimes file multiple bankruptcy petitions, not because of any intent to hinder, delay or defraud a creditor, but simply because of an inability to cope with bankruptcy's complexity and to move a bankruptcy case through the system.  In this case, however, there is present not only the serial bankruptcy filings but additionally the filing of false and fraudulent documents – the Substitution and the Reconveyance. These fraudulent filings with the Orange County Recorder manifest Debtor's bad faith and fraud and clarify that the intent behind these serial bankruptcy filings was to hinder, delay and defraud Movant.[1]

Based upon the foregoing, the Court determines that (1) Movant has met its burden of going forward and establishing a prima facie case that the filing of Debtor's petition was part of a scheme to hinder, delay or defraud Movant that involved the filing of multiple bankruptcy petitions, and (2) Debtor has failed to carry his burden of proof or persuasion that the filing of his petition was not part of such a scheme.  Therefore, the Court grants Movant relief from stay pursuant to 11 U.S.C. § 362(d)(4) with respect to the Property.

---

[1] Application of the statute requires only that the filing of the petition be part of a scheme to hinder, delay <u>or</u> defraud a secured creditor.  11 U.S.C. § 362(d)(4) (underscoring added).  Prior to 2010 amendments to the Bankruptcy Code, the statute read "hinder, delay <u>and</u> defraud" (underscoring added by this Court).  *Behrens v. U.S. National Bank Ass'n (In re Behrens)*, 501 B.R. 351, 355 (B.A.P. 8th Cir. 2013).  In this case Movant has proven by clear and convincing evidence that the intent behind these serial bankruptcy filings was to hinder, delay <u>and</u> defraud Movant.  Debtor's intent to defraud is most definitely shown by the execution and recording of the Substitution and the Reconveyance and Movant's recruitment of Todd Wetzelberger to aid and assist in the fraudulent scheme. (The Court makes no findings with respect to Mr. Wetzelberger's state of mind or knowledge regarding his participation in Debtor's fraudulent scheme).

Movant is directed to lodge a form of order granting relief with respect to the Property under 11 U.S.C. §§ 362(d)(1), (2) and (4).  The order should provide that if it is recorded in compliance with applicable California law governing notices of interests or liens in real property, it shall be binding in any other case under title 11 purporting to affect the Property filed not later than two years after the date of entry of the order.

Additionally, the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

**IT IS SO ORDERED.**

###

Date: April 6, 2016

Mark S. Wallace
United States Bankruptcy Judge